# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Dr. Nick Turse**, <br>    (Address filed under seal pursuant to LCvR 5.1(c)(1)) <br>       *Plaintiff*, <br>    v. <br><br> **U.S. Department of Defense**, <br>    1600 Pentagon 3E788 <br>    Washington, DC 20301 <br><br> and <br><br> **U.S. Africa Command,** <br>    Unit 29951 <br>    APO AE 09751 <br><br>       *Defendants*. | Civil Action No. |

## COMPLAINT

1. This is an action under the Freedom of Information Act, 5 U.S.C. §552, *et seq.*, seeking production of records responsive to a request submitted by Dr. Nick Turse to Defendants Department of Defense (DoD) and its component, United States Africa Command (USAFRICOM) (collectively, Defendants). Dr. Turse's FOIA request seeks specific records related to possible U.S. involvement in a Nigerian military bombing of civilians. By this action, Dr. Turse seeks to compel Defendants to comply

1

with their obligations under FOIA, including disclosing records they have, to date, unlawfully withheld from him and the public.

**Jurisdiction and Venue**

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendants under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201(a), and 2202.

3. Venue is appropriate in this Court under 5 U.S.C. §(a)(4)(B) and 28 U.S.C. §1391.

**Parties**

4. Plaintiff Dr. Nick Turse is an investigative reporter, a fellow at the Type Media Center, the managing editor of TomDispatch.com, a contributing writer at *The Intercept*, and the co-founder of Dispatch Books. He is the author, most recently, of *Next Time They'll Come to Count the Dead: War and Survival in South Sudan* as well as the *New York Times* bestseller *Kill Anything That Moves: The Real American War in Vietnam*. His previous books include *Tomorrow's Battlefield*, *The Changing Face of Empire*, *The Complex*, and *The Case for Withdrawal from Afghanistan*. He has reported from the Middle East, Southeast Asia, and Africa and written for *The New York Times*, *The Los Angeles Times*, *Harper's Magazine, Vice News, Yahoo News, Teen Vogue, The San Francisco Chronicle*, *The Nation*, and BBC.com, among other print and online publications.

5. Defendant United States Department of Defense (DoD) is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f). DoD has possession, custody, and/or control of the records that Plaintiff seeks. DoD's headquarters are located at 1400 Defense Pentagon, Washington, DC 20301.

6. Defendant United States Africa Command (USAFRICOM) is a component of DoD and an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f).DoD has possession, custody, and/or control of the records that Plaintiff seeks. USAFRICOM's domestic location is located at Unit 29951, APO AE 09751.

**Facts**

**A. Background**

7. In 2017, the Nigerian air force bombed the Rann Internally Displaced Persons' camp, killing 160—many of them children—and wounding more than 120.

8. The bombing was part of a counterinsurgency campaign against Boko Haram.

9. It has remained unclear why the Nigerian military targeted a humanitarian location.

10. In January 2022, as part of a general investigation, Dr. Turse submitted a FOIA for commander-directed investigations into violations of standards of conduct, abuse of authority, and/or fraud, waste, and/or abuse carried out in the USAFRICOM Area of Responsibility from January 1, 2017 to 2022.

11. In July, USAFRICOM released documents responsive to that request.

12. Among the documents released was a memorandum to Brigadier General Frank J. Stokes, commanding him to conduct an Army Regulation 15-6 investigation into circumstances of the bombing of the Rann camp.

13. The memorandum tasked him with developing information that "will support any subsequent reviews of the strike, support assessment of processes and policies for information sharing with foreign governments, support comprehensive and transparent engagements both inside and outside of the Department of Defense, and U.S. Government, and shape the manner in which any future coalition or partner nation operations are conducted."

14. The memorandum further required him to gather "any background information that is relevant to a complete understanding of U.S. – Nigerian operations such as this strike. Specifically, obtain the governing standard operating procedures ("SOP") of the U.S. for information sharing, bi-lateral protocols as to the use - and limitations on the use - of shared information, and after action reporting procedures when shared information is used in a strike (e.g., battle damage assessment reports)."

15. It is rare, and perhaps unprecedented, for the United States to conduct an investigation into another country's military mistakes.

16. To Dr. Turse, the existence of the investigation suggests some sort of American involvement.

B. **Request At Issue**

17. Only July 24, Dr. Turse submitted a FOIA request to USAFRICOM for the report.

18. The request specifically sought "all map enclosures, exhibits and attachments within or referenced in these records, including but not limited to the following: mIRC logs or other chat and internet relaying message logs, Full Motion Video (FMV) or other video referenced, solatia assessments, ex gratia assessments, emails, photos, post-strike imagery, screenshots, still image captures, and other images."

19. It also specifically requested the inclusion of "so-called 'non-responsive' material per the Court of Appeals for the District of Columbia Circuit in *American Immigration Lawyers Association v. EOIR*, 830 F.3d 667 (D.C. Cir. 2016)."

20. On July 25, 2022, USAFRICOM notified Dr. Turse that the FOIA request was assigned request number 2022-091 and that the request would not be responded to within FOIA's statutory 20-day timeline.

21. 30 working days have now elapsed since Dr. Turse's submission of his FOIA request.

**Claims**

1. USAFRICOM wrongly withheld documents responsive to Dr. Turse's FOIA requests.

2. Dr. Turse has a statutory right to the records he seeks, and there is no basis for USAFRICOM to withhold them.

3. As a result, by failing to release the records specifically requested by Dr. Turse, USAFRICOM has violated FOIA.

## Requested Relief

Plaintiff therefore respectfully requests that this Court:

1. Declare that the records sought by Dr. Turse are subject to FOIA,
2. Declare that Dr. Turse is entitled to a fee waiver,
3. Order USAFRICOM to disclose the requested records,
4. Award costs and attorneys' fees under 5 U.S.C. § 552 (a)(4)(E), and
5. Grant any other relief that the Court considers just and proper.

Respectfully submitted,

*/s/ Deborah M. Golden*
Deborah M. Golden, D.C. Bar #470578
The Law Office of Deborah M. Golden
700 Pennsylvania Ave. SE, 2nd Floor
Washington, D.C. 20003
Telephone: (202) 630-0332
dgolden@debgoldenlaw.com

*Counsel for Plaintiff*

Dated: September 07, 2022